**FILED**

IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

**6/17/15**

CECILE FOY GSANGER, CLERK
BY DTello

ACCEPTED
13-14-00716-cv
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/17/2015 5:48:30 PM
CECILE FOY GSANGER
CLERK

# CAUSE NO. 13-14-00716-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/17/2015 5:48:30 PM
CECILE FOY GSANGER
Clerk

------------------------------------------------------------------------------

## IN THE COURT OF APPEALS

## FOR THE THIRTEENTH DISTRICT OF TEXAS

## EDINBURGH,CORPUS CHRISTI,TEXAS

------------------------------------------------------------------------------

## VICTOR QUIJANO D/B/A Target Pest Control

### APPELLANT

## VS.

## Cameron County,City of Brownsville and Brownsville Independent School District

### APPELLEE.

On appeal from the 103th Judicial District Court

Cameron County, Texas Trial

Court Cause No.2013-DCL-3455-D

**APPELLANT'S AMMENDED BRIEF**

## CERTIFICATE OF COMPLIANCE

 Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that the foregoing document complies with the word count limitations set out in TEX. R. APP. P. 9.4(i). It contains 3,436 words, excluding any parts exempted by TEX. R. APP. P. 9.4(i)(1). In making this Certificate of Compliance, I am relying on the word count provided by the software used to prepare the document. This is a computer-generated document created in Microsoft Word.

/s/Victor Quijano

-------------------------------------------

Victor Quijano

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing Appellant's Opening Brief was sent by

 Court's Efiling

On this the 4th day of June, 2015 to:

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

Hon. Edward James Nicholas

4828 Loop Central Drive, Suite 600

Houston, Texas 77081

# APPENDIX 1

ORIGINAL PETITION

FINAL SUMMARY JUDGEMENT

CASE 2013-DCL-3455-D

CAMERON COUNTY 103RD COURT

HON.JANETH LEAL

SUIT NO. 2013-DCL-3455-D

| CAMERON COUNTY, CITY OF | § | IN THE DISTRICT COURT |
| BROWNSVILLE AND BROWNSVILLE | | |
| INDEPENDENT SCHOOL DISTRICT | | |
| | § | |
| VS. | § | 103rd JUDICIAL DISTRICT |
| | § | |
| | § | |
| VICTOR QUIJANO, DOING BUSINESS AS | § | |
| TARGET PEST CONTROL | | CAMERON COUNTY, TEXAS |

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA, CLERK

MAY 07 2013

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

### ORIGINAL PETITION

## TO THE HONORABLE JUDGE OF SAID COURT:

I.

### PLAINTIFF(S)

This suit is brought for the recovery of delinquent ad valorem taxes under TEX. TAX CODE § 33.41 by the following named Plaintiff(s), whether one or more, each of which is a taxing unit and is legally constituted and authorized to impose and collect taxes on property:

**CAMERON COUNTY, CITY OF BROWNSVILLE AND BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**

The Plaintiff(s) intends discovery to be conducted under Level 2 of Rule 190, Texas Rules of Civil Procedure.

### DEFENDANT(S)

The following are named as Defendant(s) in this suit, and they may be served with notice of these claims by service of citation at the address and in the manner shown as follows:

**Victor Quijano, Doing Business As, Target Pest Control, 35 Cuba St, Brownsville, TX 78526-1832**

if living, and if any or all of the above named Defendant(s) be deceased, the unknown heirs of each or all of the said above named deceased persons; and the unknown owner or owners of the following described property; and the executors, administrators, guardians, legal representatives, devisees of the above named persons; and any and all other persons, including adverse claimants, owning or having any legal or equitable interest in or lien upon the below described property located in the county in which this suit is brought.

The following taxing unit(s), whether one or more, is joined as a party herein as required by TEX. TAX CODE § 33.44(a) because it may have a claim and lien for delinquent taxes against all or part of the same property described below: **NONE.** The foregoing named taxing unit(s), if any, is invited to add its claim by intervening herein.

II.

Claims for all taxes becoming delinquent on said property at any time subsequent to the filing of this suit, up to the day of judgment, including all penalties, interest, attorney's fees, and costs on same, are incorporated in this suit, and Plaintiff(s) is entitled to recover the same, upon proper proof, without further citation or notice. Plaintiff(s) is further entitled to recover each penalty that is incurred and all interest that accrues on all delinquent taxes imposed on the property from the date of judgment to the date of sale.

III.

As to each separately described property shown below, there are delinquent taxes, penalties, interest, and costs justly due, owing and unpaid to Plaintiff(s) for the tax years and in the amounts as follows, if paid in May 2013:

PROPERTY AND AMOUNTS OWED

ACCT. NO. 0001000211265002; INV,FURN,FIXT,VEH AT 35 CUBA ST,BROWNSVILLE,TX

CAMERON COUNTY

| Tax Year(s) | Tax Amount | Penalties and Interest | Total Due |
|---|---|---|---|
| 2005 | $43.33 | $60.67 | $104.00 |
| 2006 | $34.62 | $40.22 | $74.84 |
| 2007 | $48.12 | $49.29 | $97.41 |
| 2008 | $34.97 | $30.99 | $65.96 |
| 2009 | $53.83 | $40.26 | $94.09 |
| 2010 | $53.95 | $32.91 | $86.86 |
| 2011 | $55.64 | $26.25 | $81.89 |
| TOTALS: | $324.46 | $280.59 | $605.05 |

CITY OF BROWNSVILLE

| Tax Year(s) | Tax Amount | Penalties and Interest | Total Due |
|---|---|---|---|
| 2005 | $38.86 | $50.52 | $89.38 |
| 2006 | $37.16 | $43.18 | $80.34 |
| 2007 | $37.18 | $38.08 | $75.26 |
| 2008 | $37.18 | $32.95 | $70.13 |
| 2009 | $40.98 | $30.65 | $71.63 |
| 2010 | $41.20 | $25.13 | $66.33 |
| 2011 | $43.89 | $20.72 | $64.61 |
| TOTALS: | $276.45 | $241.23 | $517.68 |

BROWNSVILLE INDEPENDENT SCHOOL DISTRICT

| Tax Year(s) | Tax Amount | Penalties and Interest | Total Due |
|---|---|---|---|
| 2005 | $93.39 | $121.41 | $214.80 |
| 2006 | $80.32 | $93.33 | $173.65 |
| 2007 | $62.42 | $61.17 | $123.59 |

| | | | |
|---|---|---|---|
| 2008 | $62.42 | $52.75 | $115.17 |
| 2009 | $68.43 | $48.58 | $117.01 |
| 2010 | $68.43 | $39.35 | $107.78 |
| 2011 | $68.43 | $32.30 | $100.73 |
| **TOTALS:** | **$503.84** | **$448.89** | **$952.73** |
| **TOTAL DUE** | | | **$2,075.46** |

The total aggregate amount of taxes, penalties, interest, and attorney's fees (if any) for which Plaintiff(s) sues is **$2,075.46**, subject to additional taxes, penalties, interest, and attorney's fees that accrue subsequent to the filing of this petition.

## IV.

All of the taxes were authorized by law and legally imposed in the county in which this suit is brought. The taxes were imposed in the amount(s) stated above on each separately described property for each year specified and on each person named, if known, who owned the property on January 1 of the year for which the tax was imposed. Plaintiff(s) now has and asserts a lien on each tract of real property and each item of personal property described herein to secure the payment of all taxes, penalties, interest and costs due. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff(s) affirmatively avers that all things required by law to be done have been done properly by the appropriate officials and all conditions precedent have been met.

## V.

All of the property described above was, at the time the taxes were assessed, located within the territorial boundaries of each taxing unit in whose behalf this suit is brought. All Defendants named in this suit either owned the property that is the subject of this suit on January 1 of the year in which taxes were imposed on said property, or owned or claimed an interest in or lien upon said property at the time of the filing of this suit. The value of any personal property that may be described above, and against which the tax lien is sought to be enforced, is in excess of FIVE HUNDRED AND NO/100 DOLLARS ($500.00).

## VI.

The Law Firm represented by the attorney whose name is signed hereto is legally authorized and empowered to institute and prosecute this action on behalf of Plaintiff(s). Plaintiff(s) should recover attorney's fees as provided by law for the prosecution of this case, and such attorney's fees should be taxed as costs.

## VII.

Plaintiff(s) may have incurred certain expenses in the form of abstractor's costs in procuring data and information as to the name, identity and location of necessary parties, and in procuring necessary legal descriptions of the property that is the subject of this suit. Said expenses, if incurred, are reasonable and are in the following amount: **TO BE DETERMINED**. The abstractor's costs, if any be shown, should be taxed as costs herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff(s) requests that citation be issued and served upon each Defendant named herein, commanding them to appear and answer herein in the time and manner required by law. Plaintiff(s) further prays, upon final hearing in this cause, for foreclosure of its liens against the above-described property securing the total amount of all delinquent taxes, penalties and interest, including taxes, penalties and interest becoming delinquent during the pendency of this suit, costs of court, attorney's fees, abstract fees, and expenses of foreclosure sale. Plaintiff(s) further prays for personal judgment against Defendant(s) who owned the property on January 1 of the year for which the taxes were imposed for all taxes, penalties, interest, and costs that are due or will become due on the property, together with attorney's fees and abstractor's fees. Plaintiff(s) further prays for: (1) the appropriate order of sale requiring the foreclosed property to be sold, free and clear of any right, title or interest owned or held by any of the named Defendants, at public auction in the manner prescribed by law, and (2) writs of execution, directing the sheriffs and constables for the State of Texas, to search out, seize, and sell sufficient property of the Defendant(s) against whom personal judgment may be awarded to satisfy the lawful judgment sought herein. Finally, Plaintiff(s) prays for such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
1805 RUBEN TORRES BLVD.
SUITE B-28
BROWNSVILLE, TX 78521
(956) 546-1216
(956) 546-1624 - FAX

John D. Guevara
State Bar No. 24031408
Rogelio Ortiz, Jr
State Bar No. 24053405
Monica Solis
State Bar No. 24058260
Attorney for Plaintiffs

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____  COURT *(FOR CLERK USE ONLY)*: _____ JUDICIAL
DISTRICT

STYLED **CAMERON COUNTY, CITY OF BROWNSVILLE AND BROWNSVILLE INDEPENDENT SCHOOL DISTRICT VS. VICTOR QUIJANO , DOING BUSINESS AS TARGET PEST CONTROL**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: John D. Guevara | Email: john.guevara@lgbs.com | Plaintiff(s)/Petitioner(s): Cameron County | ☒ Attorney for Plaintiff/Petitioner ☐ *Pro Se* Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 1805 Ruben Torres Blvd Ste B-28 | Telephone: (956) 546-1216 (956) 546-1624 - Fax | Defendant(s)/Respondent(s): | |
| City/State/Zip: Brownsville, TX 78521 | State Bar No. 24031408 | Victor Quijano Doing Business As, Target Pest Control | Additional Parties in Child Support Case: Custodial Parent: |
| Signature: | | Additional Plaintiff(s)/Petitioner(s) and Defendant(s)/Respondent(s) on page 2 | Non-Custodial Parent: Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | | | ☐ Support Order |
| ☐ Other Foreclosure | ☐ Motor Vehicle Accident | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Franchise | ☐ Premises | ☐ Expunction | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Insurance | *Product Liability* | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Landlord/Tenant | ☐ Asbestos/Silica | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Support |
| ☐ Non-Competition | ☐ Other Product Liability List Product: | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Partnership | ☐ Other Injury or Damage: | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| ☐ Other Contract: | | ☐ Other: | ☐ Other: | ☐ Grandparent Access |
| | | | | ☐ Paternity/Parentage |
| **Employment** | **Other Civil** | | | ☐ Termination of Parental Rights |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | ☐ Other Parent-Child: |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☒ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

AV/Suit Key No. 218515

9

**Additional Plaintiffs:**

City Of Brownsville

Brownsville Independent School District

**Additional Defendants:**

Rendition Penalty

| | | | |
|---|---|---|---|
| CAMERON COUNTY, CITY OF BROWNSVILLE AND BROWNSVILLE INDEPENDENT SCHOOL DISTRICT | § | | IN THE DISTRICT COURT |
| | § | | |
| VS. | § | | 103RD JUDICIAL DISTRICT |
| | § | | |
| VICTOR QUIJANO , DOING BUSINESS AS TARGET PEST CONTROL | § | | CAMERON COUNTY, TEXAS |

## J U D G M E N T

**BE IT REMEMBERED** that on the **18th day of November, 2014,** came on to be heard in regular order the above numbered and entitled cause wherein **CAMERON COUNTY, CITY OF BROWNSVILLE AND BROWNSVILLE INDEPENDENT SCHOOL DISTRICT** are the Plaintiffs;

and wherein the Defendant is **Victor Quijano Doing Business As, Target Pest Control** who was duly served with process as required by law, appeared and was duly notified of this setting;

This cause came on for trial and Plaintiffs having moved the Court to dismiss from this suit any parties not named above, it was so ordered; and a jury being waived, the parties submitted all matters of controversy, both of fact and of law, to the Court without the intervention of a jury, and the Court, having heard the pleadings, the evidence, and the argument of counsel, is of the opinion and finds as follows:

The above named Defendant(s) was the owner(s) on January 1 of each of the tax years shown to be delinquent on the property described below. There are taxes, penalties, interest, and costs due, owing, and unpaid to Plaintiffs upon the property in the amount set out below.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that there is due, owing, and unpaid to Plaintiffs the following amounts of delinquent taxes, accrued penalties, interest, attorney fees and costs for all delinquent years upon the following described property as set out below, together with additional penalties and interest at the rates prescribed by Subchapters A and C of Chapter 33, Property Tax Code, which accrue hereafter on all of said taxes from date of judgment until paid.

## PROPERTY AND AMOUNTS OWED

**ACCT. NO. 0001000211265002; INV,FURN,FIXT,VEH AT 35 CUBA ST,BROWNSVILLE,TX**

**CAMERON COUNTY**
**Year(s) Due: 2005 - 2009**                                   $481.14

**CITY OF BROWNSVILLE**
**Year(s) Due: 2005 - 2009**                                   $426.34

**BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**
**Year(s) Due: 2005 - 2009**                                    **$819.31**

**TOTAL DUE:**                                                   **$1,726.79**

     All of the property described above was, at the time that taxes were assessed, located within the territorial boundaries of the Plaintiffs, and the taxes were imposed in Cameron County, Texas.

     IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs recover(s) of and from Defendant(s) personal judgment for the heretofore set out taxes, accrued penalties, interest, attorney fees, costs, and all costs of suit, together with additional penalties and interest at the rates prescribed by Subchapters A and C of Chapter 33, Property Tax Code, which accrue hereafter on all of said taxes from date of judgment until paid, for which let execution issue.

     All relief prayed for in any of the pleadings in this cause which is not specifically granted by this judgment is hereby denied. This judgment finally disposes of all parties and all claims and is appealable.

SIGNED on the ___14___ day of ___November___, 20_14_ .

_____
Judge Presiding

Approved:

_____
John D. Guevara
State Bar No. 24031408
john.guevara@lgbs.com
Rogelio Ortiz, Jr
State Bar No. 24053405
rogelio.ortiz@lgbs.com
Monica Solis
State Bar No. 24058260
monica.solis@lgbs.com
Attorney for: Plaintiffs

FILED 9:00 O'CLOCK A M
AURORA DE LA GARZA, CLERK

DEC 0 1 2014

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

# APPENDIX 2

TEXAS TAX CODE CHAPTER

§ 11.145, § 11.254, § 23.121, 23.1241, 23.124, 23.127, § 23.24, § 22.01

Sec. 11.145.  INCOME-PRODUCING TANGIBLE PERSONAL PROPERTY HAVING VALUE OF LESS THAN $500.  (a)  A person is entitled to an exemption from taxation of the tangible personal property the person owns that is held or used for the production of income if that property has a taxable value of less than $500.

(b)  The exemption provided by Subsection (a) applies to each separate taxing unit in which a person holds or uses tangible personal property for the production of income, and, for the purposes of Subsection (a), all property in each taxing unit is aggregated to determine taxable value.


Sec. 11.254.  MOTOR VEHICLE USED FOR PRODUCTION OF INCOME AND FOR PERSONAL ACTIVITIES.  (a)  Except as provided by Subsection (c), an individual is entitled to an exemption from taxation of one motor vehicle owned by the individual that is used in the course of the individual's occupation or profession and is also used for personal activities of the owner that do not involve the production of income.

(b)  In this section, "motor vehicle" means a passenger car or light truck as those terms are defined by Section 502.001, Transportation Code.


INVENTORY.  (a)  Except as provided by Sections 23.121, 23.1241, 23.124, and 23.127, the market value of an inventory is the price for which it would sell as a unit to a purchaser who would continue the business.  An inventory shall include residential real property which has never been occupied as a residence and is held for sale in the ordinary course of a trade or business, provided that the residential real property remains unoccupied, is not leased or rented, and produces no income.

(b)  The chief appraiser shall establish procedures for the equitable and uniform appraisal of inventory for taxation.  In conjunction with the establishment of the procedures, the chief appraiser shall:

(1)  establish, publish, and adhere to one procedure for the determination of the quantity of property held in inventory without regard to the kind, nature, or character of the property comprising the inventory;  and

(2)  apply the same enforcement, verification, and audit procedures, techniques, and criteria to the discovery, physical examination, or

quantification of all inventories without regard to the kind, nature, or character of the property comprising the inventory.

(c) In appraising an inventory, the chief appraiser shall use the information obtained pursuant to Subsection (b) of this section and shall apply generally accepted appraisal techniques in computing the market value as defined in Subsection (a) of this section.

Acts 1979, 66th Leg., p. 2253, ch. 841, Sec. 1, eff. Jan. 1, 1982. Amended by Acts 1981, 67th Leg., 1st C.S., p. 137, ch. 13, Sec. 58, eff. Jan. 1, 1982; Acts 1987, 70th Leg., ch. 590, Sec. 1, eff. Aug. 31, 1987; Acts 1989, 71st Leg., ch. 796, Sec. 16, eff. Sept. 1, 1989; Acts 1993, 73rd Leg., ch. 672, Sec. 1, 2, eff. Jan. 1, 1994; Acts 1995, 74th Leg., ch. 836, Sec. 1, 2, eff. Jan. 1, 1996; Acts 1995, 74th Leg., ch. 945, Sec. 1, eff. Jan. 1, 1996; Acts 1997, 75th Leg., ch. 165, Sec. 31.01(73), eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1112, Sec. 1, eff. Jan. 1, 1998; Acts 1997, 75th Leg., ch. 1184, Sec. 1, eff. Jan. 1, 1998.


Sec. 23.24. FURNITURE , FIXTURES, AND EQUIPMENT. (a) If real property is appraised by a method that takes into account the value of furniture, fixtures, and equipment in or on the real property, the furniture, fixtures, and equipment shall not be subject to additional appraisal or taxation as personal property.

(b) In determining the market value of the real property appraised on the basis of rental income, the chief appraiser may not separately appraise or take into account any personal property valued as a portion of the income of the real property, and the market value of the real property must include the combined value of the real property and the personal property.

Added by Acts 1999, 76th Leg., ch. 479, Sec. 1, eff. Sept. 1, 1999.
Amended by:
Acts 2009, 81st Leg., R.S., Ch. 1211 (S.B. 771), Sec. 2, eff. January 1, 2010.


§ 22.01. Rendition Generally (a) Except as provided by Chapter 24, a person shall render for taxation all tangible personal property used for the production of income that the person owns or that the person manages and controls as a fiduciary on January 1. A rendition statement shall contain: (1) the name and address of the property owner; (2) a description of the property by type or

category; (3) if the property is inventory, a description of each type of inventory and a general estimate of the quantity of each type of inventory; (4) the physical location or taxable situs of the property; and (5) the property owner's good faith estimate of the market value of the property or, at the option of the property owner, the historical cost when new and the year of acquisition of the property.

# APPENDIX 3

LETTER FROM APPELLANT TO COURT

JUNE 11,2013

AURORA DE LA GARZA

CLERK OF THE DISTICT COURTS

OF CAMERON COUNTY,TEXAS

974 E HARRISON ST

BROWNSVILLE,TX 78520

SUIT #2013-DCL-3455-D

FILED____O'CLOCK____M
AURORA DE LA GARZA. CLERK

JUN 1 3 2013

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____DEPUTY

I have being out of business since 2008(copy of the state comptroller says 2009), but I have call before to explain we were broke and going out of business, since 2008 we no longer rented on Boca Chica Towers ,this the only address for business(2100 Boca Chica blvd suite 308),not 35 Cuba st which is my residence and before I did  not own anything I subcontracted services, so I didn't have equipment, vehicles, etc .(Can check in the motor vehicle department),The office that we rented came with a desk and the phone. A business was in 2100 Boca chica blvd suite 308 very ,very small 10ft by 5ft, so just a desk a chair and phone no computer. Nothing of value that can be appraised.

I went to the Appraisal district several times and made clear that I was subcontracting services, that I didn't own anything and invited them to check nobody came, they just keep sending the appraisal value which whatever numbers they figure out, but nobody listen I send the appraisal forms back but they came back next year, so I didn't waste my time anymore on going to San Benito to the Appraisal district.

So to make things clear I went out of business, I don't have anything of that business no vehicles or equipment, I don't have anything of value, the only thing I have is my home which I am paying my taxes every year and I am current in 35 Cuba st, there is no business is just my residence where I live with my family.

And I can't figure it out if being out of business since 2008, this people continue taxing you, it is sad and waste of money from us tax payers that they don't even check with the State Comptroller if businesses are operating.

I would appreciate the end of this harassment and notify the district to clear my case

Victor Quijano

14

# APPENDIX 4

LETTER FROM COMPTROLLERS OFFICE STATING WHERE BUSINESS WAS LOCATED AND DATE WAS CLOSED.



# COMPTROLLER OF PUBLIC ACCOUNTS
## STATE OF TEXAS
## AUSTIN, 78774

BROWNSVILLE ENFORCEMENT OFFICE
1900 N EXPRESSWAY, STE C-1
BROWNSVILLE, TEXAS 78521-1563

June 12, 2013

TO WHOM IT MAY CONCERN:

This is to confirm that Victor M. Quijano, with taxpayer number 32000548068, closed the business known as Target Pest Control, located at 2100 Boca Chica Ste. 308, Brownsville, TX, 78521, as of December 25, 2009.

If you should have any questions, please do not hesitate to call our office at (956)542-8426.

Alonzo Vidal
Enforcement Officer
Brownsville Enforcement Office – 2H25

# APPENDIX 5

CERTIFY LETTER OF SUBCONTRACTOR

July 15,2009

WHOM IT MAY CONCERN;


I LEONARDO SCHWEBEL WORK FOR Mr.QUIJANO FROM 2005 TO 2008 WHEN IT WAS CLOSED, IN BUSINESS NAME TARGET PEST CONTROL AS A SUBCONTRACTOR USING MY TRUCK AND EQUIPMENT TO PERFORM WORK IN PEST CONTROL ,AND WAS THE ONLY WORKER THIS COMPANY HAD.

I AM EXEMPT OF TAX PROPERTY BECAUSE I USED MY VEHICLE  A 96 MAZDA PICKUP FOR WORK AND PERSONAL USED THAT WAS NOT INVOLVE IN THE PRODUCTION OF INCOME.(SEC.11.254 TEX TX CODE ANN)

THE ADRESS WHERE BUSINESS WAS 2100 BOCA CHICA STE 308,BROWNSVILLE,TX,  WHICH I ATTEND PERSONALLY ANSWERING CALLS AND DOING SERVICES.

THE ONLY PROPERTY FROM MR. QUIJANO WAS A DESK AND A CHAIR, ALL THE OTHER IMPLEMENTS FOR WORK WERE OF MY PROPERTY.(PLASTIC SPRAYER WORTH $15.00) AND INSECTICIDE AS NEEDED.


THANKS;

LEO SCHWEBEL

City/County of Cameron State of Texas
The foregoing instrument was acknowledged before me
this 17th day of June ,2015
by
Jaquelen Notary Public
My commission expires Sep 21, 2017

JAQUELINE INFANTE
Notary Public, State of Texas
My Commission Expires
September 21, 2017